UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VERONICA BURGOS,<br>          Plaintiff, | : | NO. 3:06CV01401 (AWT) |
| | : | |
| v. | : | |
| | : | |
| LVNV FUNDING LLC, | : | |
|           Defendant. | : | NOVEMBER 7, 2006 |

**ANSWER OF DEFENDANT**
**LVNV FUNDING LLC**

Defendant LVNV Funding LLC ("LVNV") as and for its Answer to the Complaint of Veronica Burgos ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

1. In response to Paragraph 1 of Plaintiff's Complaint, Defendant LVNV admits that Plaintiff has commenced this action against pursuant to Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), Connecticut Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-645 ("CCCPA") and/or the Consumer Collection Agency Act, Conn. Gen. Stat. § 36a-800 ("CCAA"), and the Connecticut Unfair Trade Practices, Conn. Gen. Stat. § 42-110a ("CUTPA"), but denies that it has committed any violation of law or has liability thereunder.

2. Defendant LVNV denies the allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3. Defendant LVNV has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 3 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

4. Defendant LVNV has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 4 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

5. Defendant LVNV denies the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6. In response to Paragraph 6 of Plaintiff's Complaint, Defendant LVNV has insufficient information and knowledge to either admit or deny that Plaintiff's debt was personal. LVNV denies that Plaintiff's debt was disputed. LVNV admits it communicated with plaintiff or others on or after one year before the date of this action.

7. Defendant LVNV denies the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8. In response to Paragraph 8 of Plaintiff's Complaint, Defendant LVNV restates and realleges paragraphs 1 through 7 of this Answer as though fully stated herein.

9. Defendant LVNV denies the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10. Defendant LVNV denies the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Any violation of the Fair Debt Collection Practices Act by Defendant LVNV, which Defendant LVNV denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's action is barred to the extent that it was commenced after the running of any applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the subject matter of the action.

**WHEREFORE,** Defendant LVNV prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against Defendant LVNV with prejudice and on the merits; and,

2. Awarding Defendant LVNV such other and further relief as the Court deems just and equitable.

Dated: November 7, 2006

THE DEFENDANT

By: _____
Jonathan D. Elliot (ct05762)

        Zeldes, Needle & Cooper, P.C.
        1000 Lafayette Boulevard
        Bridgeport, CT 06604
        Telephone: (203) 333-9441
        Facsimile: (203) 333-1489
        E-Mail: jelliot@znclaw.com

Attorneys for LVNV Funding LLC

## **CERTIFICATION**

I hereby certify that on ~~October 26~~ *November 7*, 2006, a copy of the foregoing Answer of Defendant LVNV Funding LLC was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Dated at Bridgeport, Connecticut on this 2̷6̷th day of ~~October~~ *November* 2006.

_____
Jonathan D. Elliot

5